1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOHN ROGERS,                                           No. C 10-1439 LHK (PR)

           Petitioner,                         **ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS**

    v.

ROBERT HOREL,

           Respondent.

_____/

**INTRODUCTION**

      This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to

28 U.S.C. § 2254.  For the reasons stated herein, the petition is DENIED.

**BACKGROUND**

      Petitioner alleges that a prison disciplinary proceeding finding him guilty of conspiracy to

commit murder violated his constitutional rights.  At a hearing held on February 27, 2008, a Senior

Hearing Officer at Pelican Bay State Prison found Petitioner guilty of conspiring with two other

1    prisoners to murder fellow-inmate Jason Page.  (Pet'r's Exs. D, F.)  During an investigation of the

2    stabbing assault on Page, confidential informants disclosed that Petitioner had solicited other

3    inmates to retrieve "weapon stock" to fashion into a weapon, had solicited other inmates to stab

4    Page prior to the assault, had manipulated bed moves to house Page in a location where he could be

5    assaulted easily, and had made the weapon used in the assault on Page.  (Pet'r's Ex. B.)  As a result

6    of the Senior Hearing Officer's findings, Petitioner forfeited 180 days of good time credits and was

7    assigned to an administrative segregation unit for 36 months.  (Pet'n at 2.)

8        Petitioner sought, but was denied, relief on state collateral review.  This federal petition

9    followed.   As grounds for habeas relief, Petitioner alleges that: (1) Respondent's failure to follow

10   state regulations in denying him his good-time credits violated his right to due process, (2) his guilty

11   verdict was not supported by some evidence, and (3) his due process rights were violated in the

12   course of the prison disciplinary hearing.

13                                    **DISCUSSION**

14        Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA), a district court

15   may not grant a petition challenging a state conviction or sentence on the basis of a claim that was

16   reviewed on the merits in state court unless the state court's adjudication of the claim:  "(1) resulted

17   in a decision that was contrary to, or involved an unreasonable application of, clearly established

18   Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision

19   that was based on an unreasonable determination of the facts in light of the evidence presented in the

20   State court proceeding."  28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000).  If

21   the state court did not reach the merits of a claim, federal review of the claim is de novo.  *Nulph v.*

22   *Cook*, 333 F.3d 1052, 1057 (9th Cir. 2003).

23        A federal court must presume the correctness of the state court's factual findings.  28 U.S.C.

24   § 2254(e)(1).  The state court decision implicated by 2254(d) is the "last reasoned decision" of the

25   state court.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991); *Barker v. Fleming*, 423 F.3d

26   1085, 1091–92 (9th Cir. 2005).

27

28

United States District Court
For the Northern District of California

No. C 10-1439 LHK (PR)
ORDER DENYING PETITION

United States District Court
For the Northern District of California

1  Habeas relief is warranted only if the constitutional error at issue had a "'substantial and

2  injurious effect or influence in determining the jury's verdict.'" *Penry v. Johnson*, 532 U.S. 782,

3  796 (2001).

4  **A.    Claim I**

5  Petitioner claims that Respondent's failure to follow state regulations in denying him his

6  good time credits violated his right to due process**.**  He alleges that pursuant to 15 C.C.R. § 3320(f),

7  Respondent should have issued a Rules Violations Report ("RVR") within 15 days of the discovery

8  of the information leading to the charges against him.  Petitioner claims that because the

9  investigating officer received confidential information concerning the conspiracy charges on

10  December 1, 2007, and December 11, 2007, Respondent's issuance of his RVR on January 28, 2008,

11  was untimely.  Petitioner further alleges that his disciplinary hearing, which pursuant to 15 C.C.R.

12  § 3320(f) should have been held within 30 days of the date of issuance of the RVR, was untimely

13  because it was not held until February 27, 2008.  Finally, Petitioner claims that Respondent denied

14  him his right to call witnesses at his hearing.  He alleges that the foregoing events precluded the

15  denial of good time credits under 15 C.C.R. § 3320(f) and amounted to a violation of due process.

16  To the extent that Petitioner alleges that Respondent's actions violated the requirements of

17  15 C.C.R. § 3320(f), Petitioner is not entitled to relief on such a state law claim.  *See Pulley v.*

18  *Harris*, 465 U.S. 37, 41 (1984) (state court's evidentiary ruling is not subject to federal habeas

19  review unless the ruling violates federal law, either by infringing upon a specific federal

20  constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial

21  guaranteed by due process.)

22  To the extent that Petitioner's claim presents a federal question, it likewise lacks merit.  Due

23  process in a prison disciplinary proceeding is satisfied if the inmate receives advance written notice

24  of the charges; an opportunity, when consistent with safety and correctional goals, to call witnesses

25  and present evidence; and a statement of the evidence relied on by the prison officials and the

26  reasons for disciplinary action.  *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).  Additionally, the

27  revocation of good time credits does not comport with procedural due process unless the findings of

28

the prison disciplinary board are supported by some evidence in the record. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

In addressing Petitioner's allegations, the Senior Hearing Officer found that because the conspiracy charge was based on an investigation concluded on January 18, 2008, the information leading to the charges against him was not discovered until that date. (Pet'r's Ex. D at 1.) Accordingly, the issuance of the RVR on January 28, 2008, and the hearing held on February 27, 2008, were timely. (*Id.*) The state court found that "sufficient evidence supported this administrative decision." (Pet'r's Ex. A at 3.) Petitioner fails to demonstrate that this decision was unreasonable.

Furthermore, to the extent that petitioner contends that respondent's issuance of his RVR was untimely, *Wolff* only requires that an inmate receive notice of the charges against him. 418 U.S. 563-564. By his own admission, Petitioner received such notice on January 28, 2008, within two weeks of the conclusion of the investigation on January 18, 2008. (Attachment to Pet'n at 1.)

In response to Petitioner's claim that he was denied his right to call witnesses at his hearing, the Senior Hearing Officer noted that "confidential witnesses will not be called." (Pet'r's Ex. D at 1.)[1]  As noted above, an inmate is "allowed to call witnesses when to do so does not threaten institutional safety or correctional goals." *Bostic v. Carlson*, 884 F.2d 1267, 1271 (9th Cir. 1989). Petitioner argues that one of the witnesses and alleged co-conspirators he intended to call, Josh Shurman, could not have been a confidential witness because he was petitioner's cell-mate, and the Department of Corrections does not house "confidential witnesses/enemies at the same prison much less the same cell." (Traverse at 8.) He asserts that Shurman's testimony would have disproved the existence of a conspiracy in that it would have revealed that Shurman was working double-shifts in the kitchen for two months prior to the alleged conspiracy, and did not have access to the prison yard during the time that the conspiracy was allegedly hatched. (*Id.* at 8-9.) The record however, reveals that more than one source independently provided the same information with respect to Petitioner's

---

[1]The Senior Hearing Officer also noted that Petitioner waived all witnesses, (Pet'r's Ex. D at 1), but Petitioner contests this, arguing that he, in fact, requested to call witnesses. (Traverse at 6.)

United States District Court
For the Northern District of California

No. C 10-1439 LHK (PR)
ORDER DENYING PETITION

1   offense, and that part of the information they provided was proven true through independent

2   investigation.  (Pet'r's Exs. A, C and D at 3.)  In view of this record, Petitioner fails to demonstrate

3   that the absence of Shurman's testimony had a substantial and injurious effect on the outcome of his

4   disciplinary proceedings.  *See Penry*, 532 U.S. at 796.

5           For the abovementioned reasons, Petitioner's claim is denied.

6   **B.      Claim II**

7           Petitioner alleges that Respondent failed to provide "some evidence" in support of finding

8   him guilty of conspiracy to commit murder.  He asserts that there was no evidence of an agreement

9   between himself and others to commit murder.  He further claims that Respondent improperly

10  considered possibly false confidential information, received on December 1, 2007, and December

11  11, 2007, alleging that Petitioner asked an inmate to obtain weapon stock and solicited others to

12  commit assault and manipulate bed moves.

13          As noted above, the revocation of good time credits comports with due process if the

14  findings of the prison disciplinary board are supported by "some evidence" in the record.  *See Hill*,

15  472 U.S. at 454.  Determining whether this standard is satisfied does not require examination of the

16  entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.

17  *Id.* at 455-56.  Rather, the relevant question is whether there is any evidence in the record that could

18  support the conclusion reached by the disciplinary board.  *Id.*  The *Hill* standard is minimally

19  stringent.  *Cato v. Rushen*, 824 F.2d 703, 705 (1987).

20          Here, as noted by the state court, some evidence supported the California Department of

21  Corrections' finding that Petitioner was guilty of conspiracy to commit murder.  (Pet'r's Ex. A at 3.)

22  The hearing officer based his finding on an investigation report, as well as information divulged by

23  confidential informants.  (Pet'r's Ex. D at 2.)  Due process does not require that an informant's

24  identity be revealed to an inmate.  *Wolff*, 418 U.S. at 568-69.  Moreover, the confidential informants

25  were deemed reliable because the information they provided was "corroborated through

26  investigation or by information provided by non-confidential sources," or was self-incriminating.

27  (Pet'r's Ex. D at 3.)  The state court's decision rejecting Petitioner's claim was reasonable.

28

No. C 10-1439 LHK (PR)
ORDER DENYING PETITION

United States District Court
For the Northern District of California

1    Petitioner's claim lacks merit and is denied.

2    **C.  Claim III**

3    In a reiteration of his previous claims, Petitioner alleges that his due process rights were

4    violated in the course of the disciplinary proceedings in a variety of ways.  For example, he asserts

5    that Respondent failed to notify him of the date, time and place of the alleged conspiracy.  He

6    alleges that Respondent did not disclose non-confidential information, such as the identity of the

7    alleged co-conspirators, that provided the basis for the charges against him.  He claims that he was

8    denied access to "yard-work logs" which might have shown that he was either at work or in the

9    prison yard during the times that he was allegedly engaged in acts of conspiracy.   He also repeats

10   his allegation that he was denied his right to call witnesses.

11   Petitioner's contentions lack merit.  With respect to his allegation that he was not notified of

12   the date, time and place of the conspiracy, *Wolff*, as noted above, only requires that Petitioner

13   receive notice of the charges against him.  418 U.S. 563-564.  The RVR provided such notice.

14   (Pet'r's Ex. B.)  With respect to his allegation that respondent failed to disclose non-confidential

15   information, the Senior Hearing Officer indicated that Petitioner was given as much information as

16   could be disclosed "without identifying or endangering the source or the security of the institution."

17   (Pet'r's Ex. D.)  Petitioner cannot claim that he was unable to defend himself against confidential

18   information, as he was provided with the "Confidential Information Disclosure Forms," which

19   contained the pertinent information to which he was entitled.  (Pet'r's Ex. C.)  With respect to

20   Respondent's alleged denial of access to the "yard-work logs," the Senior Hearing Officer found

21   them to be irrelevant.  (Pet'r's Ex. D.)  Their value, indeed, appears speculative.  Finally,

22   Petitioner's allegation that he was denied his right to call witnesses also lacks merit for the reasons

23   discussed *supra* at 4-5.

24   Petitioner fails to demonstrate that the state court's denial of his claim was unreasonable.

25   Petitioner's claim is denied.

26

27

28

**CONCLUSION**

The state court's adjudication of Petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court proceedings.  Accordingly, the petition is **DENIED**.  The Clerk shall enter judgment in favor of Respondent and close the file.

Furthermore, a certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

**IT IS SO ORDERED**.

DATED: September 19, 2011



LUCY H. KOH
United States District Judge